```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

UNITED STATES FIRE INSURANCE    *        CIVIL ACTION
COMPANY

VERSUS                          *        NO: 08-4756

HOUSING AUTHORITY OF NEW        *        SECTION: "D"(4)
ORLEANS
```

## ORDER AND REASONS

Before the court are the following motions:

(1) **"Motion for Judgment on the Pleadings Pursuant to Rule 12(c)" (Doc. No. 15)** filed by Plaintiff U.S. Fire Insurance Company (USFIC); and

(2) **"Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 19)** filed by Defendant, the Housing Authority of New Orleans (HANO).

Class Counsel on behalf of the Plaintiffs and Plaintiff Class in the underlying state-court matter, *Johnson v. Orleans Parish School Board, et al*, No. 93-14333, Civil District Court for the Parish of Orleans, State of Louisiana (hereinafter referred to as the *Johnson* Plaintiffs), filed an *amicus curiae* brief in opposition

USFIC's motion and in support of HANO's alternative argument that the court should abstain.[1] The motions are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the court should abstain.

On October 28, 2008, USFIC filed its "Complaint for Declaratory Judgment and for Contribution" against HANO. In providing background information, USFIC alleges in part that:

> 5.
>
> This matter arises from a class action against the city of New Orleans (the "City") and HANO and its four insurers, including [USFIC], for environmental damage claims.
>
> 6.
>
> The class claimed they suffered damages due to their property being situated on the former site of the Agricultural Street Landfill. Initial home-buyers and renters moved into townhomes on the site in 1971-72 ...

(Complaint at ¶¶5-6).

In their *amicus* brief, the *Johnson* Plaintiffs represent that the underlying class action was filed in state court in 1993 and a bench trial was held in that matter from January 7, 2005 to March 11, 2005, in the Civil District Court for the Parish of Orleans,

---

[1] According to Class counsel, the *Johnson* state-court matter was tried on behalf of certain named individuals as well as a certified Plaintiff Class numbering more than 8,000 individuals. (*Amicus* Brief, Doc. No. 3 at p. 2).

State of Louisiana. (*Amicus* Brief, Doc. No. 31 at p. 2, 7). On January 12, 2006, the state trial court "entered judgment in favor of the plaintiffs whose individual claims were tried, as well as the Plaintiff Class, and against all defendants, including USFIC, and HANO." (*Id*. at pp. 2-3; *see also* state court Judgment attached to Doc. No. 22-4 at p. 10).

In its Judgment, the state court ruled in part:

> ***U.S. Fire Insurance Company***
>
> The Court finds as a matter of fact and law that U.S. Fire Insurance Company issued a policy of comprehensive general liability (CGL) to HANO that was in effect from 5/30/78 to 5/30/81 (USF Policy 540190737). The Court finds that the Plaintiffs Phyllis Smith, Don Lewis, Sr., and Lizette Gaines sustained injury within the policy periods, and their claims for loss of property value and mental and emotional distress are thereby covered under the "policy injury liability" portions of U.S. Fire's policy.
>
> The Court finds, therefore, as a matter of fact and law that U.S. Fire Insurance Company is directly liable to the Plaintiffs and to its insured, HANO, for all of HANO's liability to the Class Members who, like Phyllis Smith, Don Lewis, Sr., and Lizette Gaines sustained damages caused by exposures to the contaminated soil at times that were within U.S. Fire's policy periods from 5/30/78 to 5/30/81.

(*See* Judgment, Doc. 22-4 at page 18 of 46).

The appellate court affirmed the state trial court on January 30, 2008 (except for a reduction in the amount awarded for

emotional distress),[2] and the Louisiana Supreme Court denied defendants' writ requests on June 27, 2008.[3] Thereafter, the parties engaged in a "Proof of Claims" process, which the *Johnson*

---

[2] *Johnson v. Orleans Parish School Board*, 975 So.2d 698 (La. App. 4th Cir. 2008), *rehearing denied* (February 27, 2008).

In its ruling, the appellate court addressed "Insurance Coverage" (under policies issued by U.S. Fire Insurance Company, National Fire Insurance Company, and Republic Insurance Company) and found in part that:

> In addition to the "Comprehensive General Liability Insurance" portion of each of the insurers' policies, which provides "Coverage A-Bodily Injury" and Coverage B-Property Damage," the policies contain separate and distinct "personal Injury Liability Insurance" for what is termed under the policy "Coverage P-Personal Injury[.]" This coverage, which is set forth under a separate heading in each of the policies, is an additional aspect of coverage, for claims that are not covered under the "Comprehensive General Liability Insurance" policy. The trial court found that this "Personal Injury Liability" provides coverage for the plaintiffs' loss of property values and emotional distress claims.
>
> . . .
>
> The "personal injury" portion of each of the policies in question provides that the insurer will pay "all sums" that the insured (HANO) becomes legally obligated to pay as a result of the insured's invasion of a right of private occupancy. Unlike the CGL portion of the policies in question, there is no declaration limiting the scope of this coverage. The trial court found that since the plaintiffs' claims are for damages arising from the "interference with plaintiffs' reasonable and comfortable use and enjoyment of their property," i.e. an invasion of their right of private occupancy, the language of each of the insurers' "personal injury" portion of their policies provides coverage for all of the plaintiffs' claims asserted in this lawsuit. This is an issue of first impression in this state.
>
> . . .
>
> [We] agree with the trial court that this "Personal Injury Liability" provides coverage for the plaintiffs' loss of property values and emotional distress claims.

*Id*. at 712-14.

[3] *Johnson v. Orleans Parish School Board*, 983 So. 2d 1289 (La. 2008), *reconsideration not considered*, 992 So. 2d 964 (La. Sept. 19, 2008).

4

Plaintiffs represent continues to date. (*Id.*).[4]

In the instant Declaratory Judgment Action (filed on October 28, 2008), USFIC alleges that the subject U.S. Fire Policy issued to HANO provided commercial general liability (CGL) and personal injury liability (PIL) for three years from May 30, 1978 through May 30, 1981, and the policy "has an annualized aggregate limit of $100,000 that applied to both the CGL and PIL parts of the [policy]." (Complaint at ¶¶ 11-12). USFIC further alleges that "[t]he policy limits of the [USFIC] policy available for the class's claims have never been adjudicated." (*Id. at ¶ 16*). USFIC seeks a declaratory judgment stating that USFIC's coverage to HANO for the claims of the class members is subject to the $100,000 per occurrence limit applicable to the CGL coverage and an aggregate

---

[4] USFIC did not name the *Johnson* Plaintiffs as Defendants in its Complaint for Declaratory Judgment (filed on October 28, 2009). In its memorandum in support of its Motion for Judgment on the Pleadings (filed on September 3, 2009), USFIC notes that: "Although U.S. Fire does not believe it necessary as the class members are not parties t the instant suit between U.S. Fire and its insured HANO regarding the insurance contract between the two parties, U.S. Fire is providing the class members' counsel copies of the instant Motion for Judgment on the pleadings." (Doc. No. 15-2 at p. 3, n. 2).

The *Johnson* Plaintiffs represent that they were unaware of the instant declaratory judgment action on August 27, 2009, when they filed in state court a Motion for Partial Summary Judgment seeking judgment that USFIC's policy providing Personal Injury Liability (PIL) to HANO is not limited by either a "per occurrence" or aggregate amount. (*See* Doc. No. 31 at p. 4; *see also Johnson* Plaintiffs' Motion for Partial Summary Judgment filed in state court on August 27, 2009, attached as Ex. A to *Johnson* Plaintiff's Memo., Doc. No. 22-2). HANO represents that the *Johnson* Plaintiffs' Motion for Partial Summary Judgment is presently set for hearing in state court on October 16, 2009. (Doc. No. 19-2, p. 1).

The *Johnson* Plaintiffs argue that a result obtained in USFIC's favor in its Declaratory Judgment Action, to which the *Johnson* Plaintiffs are not a party, "could result in capping the 8000 plus plaintiff class members' damages at $300,000, in a case where damages (based upon the damage amounts awarded to the trial plaintiffs) are likely to be closer to $60,000,000." (Doc. No. 31 at p. 9).

5

limit of $100,000 applicable to both the CGL and PIL parts of the policy, or $300,000 total for the three years of coverage. (*Id.* at ¶31). USFIC further alleges that it "has already paid a total of $120,333.98 to the class representatives, and, thus, the highest amount of coverage that U.S. Fire could provide HANO for the claims of the class members is $179,666.02." (*Id.*).

In addition to seeking a declaratory judgment, USFIC also asserts a coercive contribution claim against HANO alleging that:

> 33.
>
> While HANO contributed some money to the satisfaction of the January 12, 2006 judgment, [USFIC] believes that the amount HANO paid is less than the amount HANO owed and that [USFIC] paid more than it owed.
>
> 34.
>
> [USFIC] along with HANO's other insurers, Republic Insurance Company, National Union Insurance Company, and Louisiana Insurance Guaranty as the successor in interest to Southern American Insurance Company, paid the remaining part of the January 12, 2006 judgment.
>
> 35.
>
> [USFIC] submits that HANO has failed to pay its share of the January 12, 2006 judgement, that [USFIC] paid part of HANO's share of the judgment, and that HANO owes [USFIC] for the amount [USFIC] paid in excess of [USFIC's] share.

*Id.* at ¶¶33-35.

In its Answer, HANO admits several of USFIC's allegations related to USFIC's declaratory judgment claim. (*See* HANO's Answer, Doc. No. 11 at ¶¶XIII, XIV, XV, XVI, XVIII, XXIX, XXX, XXI, XXXII, and XXXVII, response to prayer). But HANO also makes the following allegation, which USFIC labels "HANO's defense cost claim"[5]:

> ... based on [USFIC's] obligation to provide a defense and defend HANO under the [USFIC] policy, HANO is entitled to a credit, set-off and/or monetary damages from [USFIC] for all or part of the sums that HANO has expended for attorneys' fees, experts, depositions and other expenses incurred by HANO in defending HANO in the *Johnson* class action and the appeals thereof, in an amount to be determined by the Court, which may exceed the amount allegedly sought by [USFIC] in this lawsuit.

(HANO's Answer, Doc. No. 11 at ¶XLIV).

During the pendency of the matter in this court, USFIC and HANO purportedly reached a settlement "as to [USFIC's] contribution claim against HANO and HANO's defense cost claim against [USFIC]." (*See* USFIC's Memo., Doc. No. 32 at p. 3). On September 3, 2009, USFIC filed a Motion to Dismiss Contribution claim which the court granted. (*See* Order, Doc. No. 16, entered on September 4, 2009).

USFIC, also filed on September 3, 2009, its motion seeking a judgment on the pleadings as to the only remaining claim in this court, i.e., USFIC's action for declaratory judgment. 9Doc. No.

---

[5] *See* USFIC's Memo., Doc. No. 32 at p. 2.

15). But HANO argues that this court lacks subject matter jurisdiction, or alternatively, that the court should abstain. In their *amicus* brief, the *Johnson* Plaintiffs argue that the court should abstain from deciding the insurance aggregate limits, or alternatively, deny USFIC's Motion for Judgment on the Pleadings.

HANO's Motion to Dismiss for Lack of Subject Matter Jurisdiction is without merit because the court clearly has diversity jurisdiction – USFIC and HANO are diverse and the amount in controversy exceeds $75,000. However, given that the coercive claims in this matter have settled and the only remaining claim is USFIC's claim for declaratory judgment, the court exercises its "broad discretion," under the *Brillhart* abstention standard, and abstains from exercising jurisdiction in light of state proceedings which are parallel and substantial. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed.2d 1620 (1942).[6]

---

[6] *If* the coercive claims were still viable, the court would apply the abstention standard set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Under the *Colorado* River standard, the court's discretion to dismiss is "narrowly circumscribed" and is governed by a broader "exceptional circumstances" standard. *New England Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 1994).

The Fifth Circuit "has recognized only two exceptions to application of the *Colorado River* standard if the claims for coercive relief are frivolous or if the claims for coercive relief were added as a means of defeating *Brillhart*." *Barnett*, 561 F.3d at 395-96. The court need not address whether these exceptions are applicable here, because there are no coercive claims left.

However, even under *Colorado River*, the court would find that there are exceptional circumstances that warrant abstention given: the long standing class litigation in state court; rulings by the state district court, state appellate court, and Louisiana Supreme Court; the absence of the Class Plaintiffs as a party in this declaratory judgment action; and the filing of the Class Plaintiffs' Motion for Partial Summary Judgment (on the PIL limits) in state court approximately a week before USFIC filed its Motion for Judgment of the Pleadings in this court. *Contrast Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988)("very little had occurred in any of the parallel state proceedings

As discussed above, the underlying state court matter is a class action filed over fifteen years ago. The state district court tried the matter and issued judgment in favor of the plaintiff class. The state court Defendants (including USFIC) appealed the judgment. The judgment was affirmed by the Louisiana Fourth Circuit Court of Appeal (except for a reduction in the amount awarded for emotional distress), and the Louisiana Supreme Court denied writs. The issue of USFIC's policy limits is presently the subject of a pending Motion for Partial Summary Judgment filed by the Class Plaintiffs in state court.

Accordingly;

**IT IS ORDERED** that HANO's alternative **Motion to Abstain** be and is hereby **GRANTED.**

New Orleans, Louisiana, this **7th** day of **October, 2009.**

                                        A.J. McNAMARA
                         UNITED STATES DISTRICT JUDGE

---

with regard to the claims against Evanston").